

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00246-CR

PATRICIA MILANO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Titus County, Texas
Trial Court No. CR19070

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

On February 5, 2020, Patricia Milano pled guilty to intentionally or knowingly possessing methamphetamine in an amount of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Supp.). The trial court deferred a finding of guilt and placed Milano on community supervision. On September 1, 2022, the trial court adjudicated Milano guilty of that offense. Milano was sentenced to five years' incarceration, probated for five years. Thereafter, the State moved to revoke Milano's community supervision. After a revocation hearing, the trial court revoked Milano's community supervision and sentenced her to five years' incarceration. Milano appeals.

Milano's attorney filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On May 3, 2024, counsel mailed copies of the following to Milano: (1) her *Anders* brief, (2) her motion to withdraw, and (3) a motion for pro se access to the appellate record lacking only Milano's signature. Counsel also advised Milano that she had until May 18 to mail the

2

motion for pro se access back to this Court. On May 3, 2024, this Court advised Milano that her pro se motion for access to the record was "due on or before **Monday, May 20, 2024**." We did not receive that pro se motion. On May 23, 2024, we notified Milano that the case had been set for submission on "**Thursday, June 13, 2024**." We received neither a pro se response from Milano nor a motion requesting an extension of time in which to file such a response. We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We have also reviewed the certified bill of costs. There is a time payment fee assessed as follows: "Time Payment Reimb Fee" of $15.00. The Texas Court of Criminal Appeals has recently concluded that a time payment fee like the one imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.* Pursuant to *Dulin*, we strike the time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution" owed. *Id.* at 133.

We strike "TPRF2 Time Payment Reimb Fee $15.00" from the Bill of Costs and reduce the reimbursement in the Bill of Costs from $72.00 to $57.00.

We affirm the trial court's judgment.[1]

Charles van Cleef
Justice

Date Submitted:     June 13, 2024
Date Decided:      June 14, 2024

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.